UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Christopher Foster,                                        Case No.  3:16-cv-02109

        Plaintiff

v.                                                        MEMORANDUM OPINION
                                                              AND ORDER

Lucas County Correctional Center,

        Defendant



## BACKGROUND AND HISTORY

P*ro se* Plaintiff Christopher Foster filed this Complaint in the United States District Court for

the Southern District of Ohio on August 11, 2016, against the Lucas County Correctional Center

("LCCC").  The Southern District transferred the case to this Federal District Court on August 22,

2016.  In the Complaint, Plaintiff alleges he is being kept in isolation at LCCC.  He also contends jail

personnel placed him in a cell that is not wheelchair accessible, deprived him of television, recreation

privileges, razors and scissors, and removed his wheelchair claiming he used it to assault a

corrections officer.  He asserts claims under 42 U.S.C. § 1983 and Title II of the Americans with

Disabilities Act.  He seeks monetary damages.

Plaintiff states he is an Ohio prisoner, previously incarcerated in the Southern Ohio

Correctional Facility under a super maximum security classification.  He was moved to LCCC in

2015 to stand trial on three counts of harassment with a bodily substance. Plaintiff indicates he has thrown urine and feces at corrections officers and has spit on them.

Plaintiff contends he uses wheelchair because he suffers from reflex dystrophy, neuropathy, brain damages, and overall chronic injuries. He claims he has been housed in cells at the LCCC that are not conducive to a wheelchair. He also states he receives no medical treatment.

Plaintiff claims that after his arrival at LCCC, he was rushed by Sergeant Mysinger on June 2, 2016. He indicates he felt he was being "treated like an animal in a nonaccessible cell" and decided to "physically defend" himself. (Doc. No. 1-1 at PageID #:3). This led to the filing of additional felony charges of assault and harassment with a bodily substance against Plaintiff in the Lucas County Court of Common Pleas.

Plaintiff states he was moved, under duress, to a new cell. He claims his wheelchair would not fit through the door without folding, and the cell was smelly and disgusting. He alleges another inmate treated him disrespectfully so he sprayed the inmate with juice through the door. He contends Sergeant Collins and other corrections officers rushed into the cell, and roughly removed him from it. He states he tried to break free and they attacked him. He claims Collins stood over him and pointed a tazer at his chest. He alleges he was handcuffed and placed in a restraint chair where he was left for 8 hours. He also states his wheelchair was confiscated by one of the LCCC doctors after a corrections officer reported that Plaintiff tried to hit an officer with it. Plaintiff denies that action. A third felony charge of harassment with a bodily substance was filed against Plaintiff in the Lucas County Court of Common Pleas on August 9, 2016.

Thereafter, Plaintiff was moved to an isolation cell in the Lucas County Correctional Center and kept on twenty-four hour lockdown. He states that when he received his personal property, he discovered his legal materials were defaced, and his food and hygiene items were missing. His wheelchair was not returned to him requiring him to hop around his cell on swollen feet. He alleges

he is denied television privileges and recreation.  He states he cannot see outdoors because he does not have an outside window.  He indicates he is also denied razors and scissors.  When he leaves his cell he must be in chains.  He states he has been backed into a corner and is yielding to the voice in his head telling him to throw feces and urine on the officers.  He contends he has stooped to spitting on them as well.

Plaintiff asserts claims for retaliation, cruel and unusual punishment, denial of medical care, medical malpractice, and violation of Title II of the Americans with Disabilities Act.  He seeks monetary damages.

### STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true.  *Bell Atl. Corp.*, 550 U.S. at 555.  The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A pleading that offers

legal conclusions or a simple recitation of the elements of a cause of action will not meet this

pleading standard. *Id.* In reviewing a Complaint, I must construe the pleading in the light most

favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

Plaintiff's claims of retaliation, cruel and unusual punishment, and denial of medical care are

causes of action under 42 U.S.C. § 1983. To establish a *prima facie* case under 42 U.S.C. § 1983,

plaintiff must assert that a person acting under color of state law deprived him of rights, privileges,

or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S.

527, 535 (1981).

The only Defendant named in the Complaint is the Lucas County Correctional Center. The

jail is not a proper party for a § 1983 action, because it is not *sui juris*, meaning it is not a legal entity

capable of being sued. The jail is merely an administrative vehicle by which Lucas County operates

and performs certain functions, and therefore, it lacks the capacity to be sued. *Boggs v. Miami Cty.*

*Jail*, No. 3:11CV00122, 2011 WL 3813079, at *2 (S.D. Ohio Aug. 9, 2011). I will liberally construe

Plaintiff's claims against the LCCC as claims asserted against Lucas County, the municipal entity that

operates the jail.

Plaintiff, however, fails to state a § 1983 claim against Lucas County. A claim of

governmental liability requires a showing that the misconduct of which Plaintiff complains came

about pursuant to a policy, statement, regulation, decision or custom promulgated by Lucas County.

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). For Lucas County to be liable under § 1983,

there must be a direct causal link between an official policy or custom and the alleged constitutional

violation. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). Plaintiff offered no factual allegations to

suggest that his federal constitutional rights were violated pursuant to a policy or regulation of Lucas

County. Consequently, Plaintiff failed to state a plausible, non-speculative claim upon which relief may be granted under 42 U.S.C. § 1983 against this Defendant.

Plaintiff's claims under Title II of the Americans with Disabilities Act ("ADA") also fail to state a plausible claim for relief. The ADA prohibits "discrimination against persons with disabilities in three major areas of public life: employment, which is covered by Title I of the statute; public services, programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title III." *Tennessee v. Lane*, 541 U.S. 509, 516-17 (2004). See 42 U.S.C. §§ 12111–12117 (Title I); 42 U.S.C. §§ 12131–12165 (Title II); 42 U.S.C. §§ 12181–12189 (Title III). Plaintiff's claims fall under Title II, which prohibits a public entity, including a state or local government, from discriminating against a qualified individual with a disability on account of that individual's disability. 42 U.S.C. § 12131; *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206 (1998).

To establish a violation of Title II of the ADA, Plaintiff must allege and show that (1) he has a disability; (2) he is otherwise qualified to receive the benefit or service at issue; and (3) he is being excluded from participation in, being denied the benefit of, or being subjected to discrimination in the provision of the services, programs, or activities of the public entity because of his disability. 42 U.S.C.A. § 12131(1). Title II's implementing regulations provide that "[a] public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the services, program, or activity." 28 C.F.R. § 35.130(b)(7); *Meeks v. Schofield*, 10 F. Supp. 3d 774, 792 (M.D. Tenn. 2014).

An individual is disabled for the purposes of the ADA if he has "a physical or mental impairment that substantially limits one or more major life activities of the individual; [has] a record of such impairment; or [is] regarded as having such an impairment." 42 U.S.C. § 12102(2)(A)-(C).

Merely having an ailment does not necessarily qualify an individual as disabled under the ADA. Plaintiff claims he suffers from reflex dystrophy, neuropathy, brain damage, and overall chronic injuries. He does not explain what any of these conditions are, what symptoms they produce, or the extent that they affect him. It is difficult to determine whether any of them would qualify him as disabled under the ADA.

Nevertheless, assuming without deciding that these conditions do render Plaintiff disabled under the ADA, Plaintiff has not alleged sufficient facts to suggest he is being denied benefits and services available to other inmates "by reason of such disability." 42 U.S.C. § 12132. In this case, Plaintiff contends his cell is not conducive to a wheelchair but states his wheelchair was taken from him on the allegation of an officer who claimed Plaintiff used it as a weapon against jail staff. He also states he is being held in segregation without television privileges or recreation. He indicates he is denied razors and scissors, and must be in chains when he leaves his cell. His wheelchair was not taken from him because of his disability. It was taken because Plaintiff allegedly used it as a weapon against jail staff. He is not being held in segregation with no privileges because of his disability. He is being held in segregation because he assaulted another inmate, and threw urine and feces at corrections officers. Plaintiff failed to state a claim under Title II of the ADA.

Finally, Plaintiff's medical malpractice claim arises, if at all, under state tort law. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). I, however, may exercise discretion in hearing state law matters. *Id.* at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id.* Having dismissed Plaintiff's federal law claims, I decline jurisdiction to hear Plaintiff's medical malpractice claim.

## CONCLUSION

Accordingly, Plaintiff's claims under 42 U.S.C. § 1983 and his medical malpractice claim are dismissed without prejudice under 28 U.S.C. § 1915(e). His claims under Title II of the Americans with Disabilities Act are dismissed with prejudice. I certify pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case is closed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
