UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Christopher Foster,                                   Case No. 3:16-cv-02109

    Plaintiff

v.                                                    MEMORANDUM OPINION
                                                      AND ORDER

Lucas County Correctional Center,

    Defendant

**BACKGROUND AND HISTORY**

Before the Court is a Motion to Alter or Amend (Doc. 8) filed by *pro se* Plaintiff Christopher Foster. In the Motion, Foster restates the allegations he pled in his Complaint and contends his legal claims had merit. He states that this is a class action, and requests as relief that I order the Marshals to serve it as a class action on the Defendants.

A party may seek to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) by filing a motion "no later than 28 days after the entry of the judgment." FED.R.CIV.P. 59(e). "Such a motion is extraordinary and is seldom granted because it contradicts notions of finality and repose." *Mitchell v. Citizens Bank*, No. 3:10-CV-00569, 2011 WL 247421, slip op. at *1 (M.D. Tenn. Jan. 26, 2011). A Court may grant a Motion to Alter or Amend Judgment only if there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)

(citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). Rule 59 Motions "are not intended as a vehicle to relitigate previously considered issues … and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes Special Projects Procurement v. Cont'l Biomass Indus., Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (emphasis and citation omitted); *see also Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (noting that a Rule 59(e) Motion "is not an opportunity to re-argue a case" nor an avenue to raise arguments that "could have, but [were] not" raised before); *Beltowski v. Bradshaw*, No. 1:08 CV 2651, 2009 WL 5205368, at *4 (N.D. Ohio Dec. 23, 2009) ("The Motion for Reconsideration should not provide the parties with an opportunity for a second bite at the apple.").

Here, Plaintiff is merely restating his case and arguing it had merit. He does not cite to any clear error of law, newly discovered evidence, or intervening change in the controlling law. Nothing in the Motion suggests alteration or amendment of the judgment is needed to prevent a manifest injustice. Plaintiff has not demonstrated he is entitled to relief under Rule 59(e).

Furthermore, this is not a class action. To be a class action, it must be certified it as one under Rule 23 prior to judgment. I have not certified it as a class action.

Accordingly, Plaintiff's Motion to Alter or Amend (Doc. 8) is denied. I certify pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case is closed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
